IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATTI S. CLATTERBUCK,

    Plaintiff,

v.                              Civil Action No. 5:14CV43
                                          (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  Background

In this civil action, the plaintiff, a fifty-four year old woman, was diagnosed by her doctor, Dr. Romulo J. Estigoy, with a number of medical issues. Her ailments include obesity, arthritis, pre-diabetes, fibromyalgia, hypertension, migraines, depression, and disc herniation. Dr. Estigoy found that the plaintiff maintained limitations in her ability to reach, walk, and feel. The ALJ, using the five step analysis under 20 CFR § 404.1520 (2000), found that the plaintiff was not disabled under the Social Security Act and thus denied the plaintiff's claim for disability insurance benefits ("DIB"). The parties each filed motions for summary judgment. ECF Nos 9 and 10. The plaintiff contends that the ALJ failed to apply Social Security Ruling ("SSR") 12-2p to find that the plaintiff's fibromyalgia was a medically determinable impairment. However, the defendant argues that the ALJ properly analyzed the plaintiff's fibromyalgia.

Later, the magistrate judge entered his report and recommendation recommending that this Court grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment. ECF No. 12. Specifically, the magistrate judge pointed out that in order to determine if a claimant's fibromyalgia is a medically determinable impairment, the ALJ uses a two step analysis: (1) whether the plaintiff has a history of widespread pain that persists for at least three months, and (2) evidence that any other disorder that could cause the symptoms or signs was excluded. The magistrate judge, in concurrence with the ALJ, found that the plaintiff failed to demonstrate that no other medical disorder caused her symptoms and signs. For that reason, the magistrate judge recommended that this Court grant the defendant's motion for summary judgment. The parties did not file any objections to the report and recommendation. This Court agrees with the magistrate judge's report and recommendation, and thus affirms and adopts it for the reasons below.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in U.S. v. U.S. Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395. After reviewing the record before this Court, no clearly erroneous findings exist.

As stated earlier, the plaintiff claims that the ALJ failed to properly consider her fibromyalgia pursuant to SSR 12-2p. Under SSR 12-2p, an ALJ is to consider certain evidence in order to determine

3

whether a person has a medically determinable impairment of fibromyalgia. In particular, such an impairment can be established not only by a physician's diagnosis, but also the following:

> The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM, determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities.

SSR 12-2p, 2012 WL 3104869 at *2. Further, SSR 12-2p provides certain criteria that are used when determining whether a person has a medically determinable impairment of fibromyalgia. That criteria generally requires (1) a finding of a history of widespread pain, and (2) evidence that "other disorders that could cause the symptoms or signs were excluded." Id. at *3. The second requirement is currently at issue.

The magistrate judge correctly determined that the plaintiff fails to satisfy that requirement. The record indicates that the plaintiff suffered from a host of maladies that could have caused her widespread pain, including lower back pain, osteoporosis, and osteoarthritis. Further, as the magistrate judge indicates, the plaintiff's numerous visits with medical professionals did not consistently result in a diagnosis of fibromyalgia. That further supports the fact that all other disorders were not excluded. As the record shows, Dr. Estigoy did not consistently diagnose the plaintiff with fibromyalgia. The lack of consistency in diagnoses

4

as well as the failure to exclude other disorders means that the second requirement is not satisfied. Therefore, the plaintiff does not meet the requirements set forth in SSR 12-2p. Because of that, this Court finds no mistake in the magistrate judge's report and recommendation, meaning that no clear error exists in this case. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, the plaintiff's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    January 7, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
